JUSTICE WEBER,
dissenting:
The majority concluded that the attorney’s unequivocal statements in closing argument constituted a judicial admission of negligence by the defendant. As a result, the majority concluded that plaintiff deserved a new trial.
I will first review the following elements of the trial in the order in which they actually occurred: the pertinent instruction to the jury; the closing argument by defense counsel, which the majority concludes is an admission of negligence; and the jury verdict.
In this case Court’s Instruction No. 1 provided:
“You are the sole and exclusive judges of the facts. You must consider and weigh the testimony of all witnesses. You alone are to determine whether to believe any witnesses and the extent to which any witness should be believed. It is your responsibility to resolve any conflicts in the testimony which may arise during the course of the trial.
‘Your determination of the facts in this case must be based upon the evidence regardless of who presented it. Arguments, statements and remarks of attorneys are not evidence, and you should disregard any argument which is not supported by evidence. You have a right to consider all the evidence in the light of your own general knowledge, experience and common sense, and to take into account whether any particular evidence seems reasonable and probable. (Emphasis supplied.)”
I have concluded that it is necessary to set forth a more extended portion of the defense attorney’s argument which the majority has concluded constitutes an admission of negligence. The following is taken from the transcript commencing at page 471:
“Ladies and gentlemen, as you know, the closing argument is the time when the lawyers want to direct your attention to the evidence that’s been admitted in this trial so that you understand the theories *115 of their cases. I hope that in this time that I have with you now that we have the chance to try and figure out what happened on June 17th, 1988.
“One thing I want you to keep in mind, however, is that as jurors in this case your function is to sift through all the facts in evidence that you’ve heard to this time and you make the decision as to what the facts were. I’m going to make some suggestions to you this morning about the facts based on the evidence that came in
“Initially, let’s talk about liability. Liability is what you must find before you ever get to the damages. You’ve seen Mr. Harrington and Mr. Kohne’s large chart here where they’ve asked you for damages, but before you ever get to that question, you have to decide that Roy Yost did something wrong that day, that he was negligent. We don’t dispute and we have never disputed that John Kohne was hurt on June 17th.... But what we’re telling you is before you get to that point of deciding damages, you have to first decide that Roy Yost is liable as a matter of law. And that’s going to be based on the facts as you determine them and the law that the Court gave you this morning.
“It’s our position that your decision on Roy Yost’s negligence depends upon whether you find that Roy Yost was more negligent on the 17th of June than John Kohne. Let’s look at those facts. We have a 21-year-old man invites a 13-year-old boy, a boy who has turned 13 six days before the accident, invites him over to his house — or to his mother’s former home to help him move .... Well, then if it’s wrong for Roy Yost at 13 to shoot guns at someone else, it’s wrong for John Kohne....
“So, the question becomes was Roy negligent for playing the game? Was John negligent for playing the game? I submit to you the Court instructed you on the definition of negligence. Negligence is the failure to use reasonable care. I submit to you that both of them are negligent. You’re not going to have a lot of trouble with that very first question of negligence because you bet, playing the game in and of itself, they were negligent, but did that negligence proximately cause some injury? I just think that two friends shooting at each other is unreasonable ....
“Roy admitted under questioning by Mr. Harrington very clearly, T did not intend to hurt him.’ And I’m sure he didn’t. He also said in his testimony, T didn’t even aim the gun.’ Is that negligence when the *116 game is being played? Is that negligence? I submit to you that it’s not. He didn’t aim the gun because when he stuck his head out from behind the door, what does he see? John at the doorway with the pistol, it’s in his hand. How long is he out there, a minute, a second? Does he have time to know if it’s actually pointed at him? Who knows. That’s a fraction of a second that we’ll probably never be able to recreate. But he jumped out from behind the door, stuck the gun out and fired it. And I think that just like the rest of the game, Roy didn’t mean to hurt John when John got hurt, just like John didn’t mean to hurt Roy when he shot Roy in the chest and the shoulder
“And we respectfully ask you to go into the jury room, pick your foreman and decide there was no fault, greater fault, on Roy Yost. He was at fault because he played the game too, but he’s the 13-year-old boy and this man that started it all, he was more at fault. Thank you.”
The Special Verdict, as set forth in the court’s judgment, is as follows:
“1. Do you find that the defendant was negligent on June 17,1988? ANSWER: W
“6. Do you find that the plaintiff was negligent on June 17, 1988? ANSWER: No’ ”
Keeping in mind the court’s instruction that the jurors are the sole and exclusive judges of the facts and that arguments and statements of attorneys are not evidence and should be disregarded if not supported by the evidence, I will discuss the statements by counsel in the course of argument. I believe it essential to keep in mind that counsel did not suggest that only the defendant was negligent. His statements essentially set forth his contention that both the plaintiff and the defendant were negligent in playing the game of shooting B.B. guns at each other. I don’t see how that can be construed as an admission of negligence only on the part of the defendant. In addition, the majority has not considered the further conflict in the facts as presented by both sides — the plaintiff presented evidence to establish that the game of B.B. gun shooting was actually ended. If the jury accepted the plaintiff’s evidence, then the negligence in playing the game, as admitted, is irrelevant to the question of whether or not the defendant negligently shot the plaintiff after the game had terminated. The key is that the statements by counsel cannot be construed as an admission that the defendant’s negligence in playing the B.B. gun game was the proximate cause of the plaintiff’s injuries.
*117 I further contend that the holding in the case of Brown by Brown v. Markve (1985), 216 Mont. 145, 700 P.2d 602, is contradictory to the majority holding, in this case. In part the Court stated in Brown:
“The court then concluded that this argument to the jury had the legal effect of an admission against interest which set the lower limits of the verdict at $30,000. No citation of legal authority is cited for that conclusion. In addition, the conclusion of the trial court contradicts its own Instruction No. 1 which in part stated as follows:
“ ‘Statements of counsel are not be regarded by you as evidence and you will disregard any such statements which are not supported by the evidence received upon this trial.’
“By his argument, the defense counsel obviously sought to encourage the jury to reach a lower verdict because of the presence of an admission of liability on the part of his client. However, that suggestion cannot be classed as evidence or an admission against interest which set a floor of $30,000 below which the jury could not go. The jury remained the finder of fact with the right to set the damages at $25,000 or such other figure as the jurors might conclude to be appropriate under the evidence.”
Brown, 216 Mont. at 147, 700 P.2d at 603. The instruction in the present case emphasizing that the jury is the trier of fact and is to disregard the statements of counsel is even broader than the above quoted instruction from Brown. In addition, as previously set forth, defense counsel prefaced his so-called admissions by explaining to the jury that they were the ultimate fact finders and stating that his arguments were suggestions.
I conclude that the effect of the majority opinion in its conclusion that the argument of defense counsel constitutes an admission which is binding, directly contradicts the law of the case, Court’s Instruction No. 1, and is inaccurate when all of the closing argument is considered. I would affirm the conclusion of the District Court upholding the verdict of the jury and denying plaintiff’s motion for a new trial.